FILED 6·6·24 BY [signature]
@ 9 O'CLOCK A.M.
KRISTIN CHRISTMAS - DESHA COUNTY
CIRCUIT COURT CLERK
ARKANSAS CITY, ARKANSAS

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
3rd DIVISION

**HOLLY ADAIR**                                              **PLAINTIFF**

V.                      CASE NO. 21 ACV·24·69

**THE CITY OF DUMAS, ARKANSAS;**                             **DEFENDANTS**
**KEITH FINCH, individually and in his**
**official capacity as Police Chief of the Dumas City Jail;**
**TERRY DEVON JAMES, individually and in his**
**official capacity as Jailer of the Dumas City Jail;**
**AND JANE AND JOHN DOES I-X**

## COMPLAINT

Comes now the Plaintiff, Holly Adair, by and through her attorneys, The Law Offices of Peter Miller, and for her Complaint against the Defendants states, alleges, and avers as follows:

### I. INTRODUCTION

1. This case alleges the Dumas City Jail (hereafter known as "DCJ") and its officers and employees and contractors, both known, named herein as Keith Finch and Terry James, and unknown, named as Defendants and Jane and John Does I-X, acted in violation of 42 U.S.C. § 1983 in the unconstitutional treatment leading to the horrific and repeated sexual abuse of Holly Adair, a former detainee at the DCJ.

2. Plaintiff also alleges negligence by Keith Finch, Terry James, and Jane and John Does I-X in the treatment of Holly Adair while she was detained at the DCJ.

### II. PARTIES

3. Defendant, the City of Dumas, Arkansas, is a duly organized political subdivision of the State of Arkansas, which exercising powers conferred upon it by the State of Arkansas, is responsible for the acts and practices of the DCJ and is also responsible for the acts or omissions of its officers and employees. Upon information and belief, service may be

1

achieved on the City of Dumas, Arkansas by serving Mayor Price Boney at 155 E. Waterman St., Dumas, Arkansas 71639.

4. Upon information and belief, Defendant Keith Finch is and was at all times relevant hereto employed as the Police Chief at the DCJ. He may be served at his place of employment, the Dumas City Jail located at 149 E. Waterman St., Dumas, Arkansas 71639.

5. Upon information and belief, Defendant Terry James was at all times relevant hereto employed as the Jailer at the DCJ. He was terminated after the events alleged in this Complaint. Upon information and belief, he can be served at his home address of 107 N. Bradley, Apt. 5, Warren, AR 71671.

6. Jane and John Does I-X are employees, officers, and/or staff of the DCJ who participated in, acted, or acted through omission against Holly Adair in causing her repeated sexual abuse and violating her constitutional rights while in the custody of DCJ. Despite reasonable and diligent inquires by Plaintiff, the names of the Jane and/or John Does are unknown at this time. Please see the affidavit attached to the Complaint as Exhibit 1. Discovery has not yet commenced so the Jane and/or John Doe Defendants remain unknown.

## III. JURISIDICTION

7. This is a civil rights action for compensation and punitive damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, under the Eighth and Fourteenth Amendments to the United States Constitution, the Constitution of the State of Arkansas, the Arkansas Civil Rights Act of 1993 codified at Ark. Code Ann. § 16-123-101 *et. seq.*, under the common law of the State of Arkansas, and against all the above-named parties. This is also a negligence complaint brough under the laws of the State of Arkansas.

8. Jurisdiction and Venue are proper as the acts and omissions alleged occurred in Dumas, Desha County, Arkansas.

9. The amount in controversy exceeds the minimum that is required for federal diversity jurisdiction.

## IV.  FACTUAL ALLEGATIONS

10. On November 6, 2021, Holly Adair was arrested and taken into custody at the DCJ.

11. Defendant Terry James was employed as a jailer for the DCJ. Among other responsibilities, Defendant James was supposed to monitor inmates and keep inmates safe while they were in DCJ custody.

12. Defendant James arrived at work on the evening of November 6, 2021, and began his shift, taking over as a female jailer left.

13. Shortly after Defendant James began his shift, two inmates started casually talking with him in the desk area. Those two inmates were Frederic Calvert, an Arkansas Department of Corrections (ADC) 309 inmate, and Jesse Barnes, a DCJ inmate.

14. Inmate Calvert walked away from the desk area toward male housing and came back with a box of pizza. Inmate Calvert offered Defendant James a slice of pizza, and he took it.

15. Immediately after that, Inmate Calvert took a piece of pizza to Ms. Adair in her cell.

16. While Inmate Calvert was gone to give Ms. Adair the slice of pizza, Defendant James was showing Inmate Barnes what appeared to be the face of a woman on his cellphone.

17. When Inmate Calvert was walking back from Ms. Adair's cell to the desk area, Inmate Barnes waved Defendant James' phone in the air, showing Inmate Calvert the picture, and signaling for him to come check it out further.

18. Inmate Calvert walked over to Defendant James and Inmate Barnes, looked at the picture and began talking and cutting up with them once more. That is when Inmate Calvert took his wallet out of his pocket and held out paper money, gesturing for Defendant James to take it.

3

19. Defendant James, with his feet casually kicked up on the desk, responded to Inmate Calvert's gesture by laughing and quickly lowering his foot, tapping on the right top desk drawer. This drawer held the key that unlocked Ms. Adair's cell.

20. Inmate Calvert quickly opened the desk drawer and got the key out, in the presence of Defendant James and Inmate Barnes. Inmate Calvert put the key in his pants pocket and briskly walked to Ms. Adair's cell.

21. Inmate Calvert got to Ms. Adair's cell, opened her cell door, walked in, and told her that he paid off Defendant James and he wanted to f\*\*k.

22. Ms. Adair told Inmate Calvert that she was scared, and instead of leaving her cell, he told her that he had not had sex in five years and that he would not last long.

23. Inmate Calvert pulled her pants down, put her face down, and sexually assaulted her. This was the first of three times that Ms. Adair was brutally and forcefully raped in the custody of the DCJ.

24. Inmate Calvert returned to the desk area approximately five minutes later, seemingly gloating to Inmate Barnes about what he had just done to Ms. Adair. Inmate Calvert then returned the key to Defendant James' desk drawer in the presence of both Inmate Barnes and Defendant James.

25. Approximately thirty minutes later, Inmate Robert Sherrer, another ADC 309 inmate, walked to Ms. Adair's unlocked cell.

26. Inmate Sherrer whispered in her ear and began kissing her. He then got on top of her and sexually assaulted her. This was the second of three times that Ms. Adair was brutally and forcefully raped in the custody of the DCJ.

27. Ms. Adair yelled for Defendant James, the jailer in charge, but he never went back to check on her.

28. Inmate Barnes walked back to Ms. Adair's cell, and Ms. Adair told him she needed help because she was raped. Inmate Barnes told Ms. Adair he would tell Defendant James.

29. Inmate Barnes told Defendant James, but Defendant James never went back to check on her.

30. Approximately three hours later, in the early morning of November 7, 2021, Inmate Sherrer walked up to the desk area where Defendant James was once again kicked back with his feet up on a stool. The stool was pushed up against the front of the desk drawer where Ms. Adair's cell key was kept.

31. Inmate Sherrer and Defendant James talked for a brief moment. Their conversation led to Defendant James, once more, tapping on the right top drawer with his foot.

32. Defendant James moved his outstretched feet off the stool and allowed Inmate Sherrer to grab the key out of the desk drawer.

33. Inmate Sherrer walked to Ms. Adair's cell and unlocked it. Less than a minute later he returned the keys to the Defendant James at the desk area and walked back to Ms. Adair's cell again.

34. Inmate Sherrer was in Ms. Adair's cell for approximately eight minutes, sexually assaulting her again. This was the third time that Holly Adair was brutally and forcefully raped in the custody of the DCJ.

35. Inmate Sherrer returned to the desk area, where Defendant James was now asleep, got the keys from the desk area, locked Ms. Adair's cell, returned the keys to Defendant James once more, and went back to male housing.

36. Defendant James was at the desk each time Inmate Sherrer got the keys to Ms. Adair's cell or put them back.

5

37. Much later that morning, the on-duty operator contacted Officer Hernandez and advised him that Jailer Bailey needed Officer Hernandez to call her immediately.

38. Officer Hernandez called Jailer Bailey and she informed him that Ms. Adair reported being raped three times.

39. Ms. Adair was transported to Delta Memorial Hospital in Dumas, Arkansas that morning where they recorded that she was in severe distress and was being seen for rape.

40. Ms. Adair complained of stinging perineal pain while walking and pelvic pain.

41. They completed a rape kit and prescribed her Doxycycline and Flagyl to take upon discharge.

42. Inmates Sherrer and Calvert were both charged and arrested for Sexual Assault in the Third Degree and transported back into ADC custody on November 7, 2021.

43. Defendant James was charged and arrested for Conspiracy to commit Sexual Assault in the Third Degree and transported to Arkansas County Jail on November 7, 2021.

V. **CAUSES OF ACTION**

### COUNT I – DUE PROCESS VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUION

44. The above paragraphs are hereby restated and alleged as if fully incorporated herein.

45. All Defendants violated Holly Adair's constitutional rights to due process under the Fourteenth Amendment to the United States Constitution.

46. Defendants' actions and omissions violating Holly Adair's constitutional rights were performed under the color of the law and pursuant to state authority giving rise to a cause of action under 42 U.S.C. § 1983.

47. Defendants, acting under the color of state law and pursuant to state authority, had a duty to protect Holly Adair's constitutional rights and to be secure in her life and person while confined by Defendants.

6

48. Defendants had a duty to protect Holly Adair against deliberate indifference to her personal safety.

49. Defendants knew the inmates' intentions to sexually assault Holly Adair and knew that giving them the keys to her cell would cause her substantial harm.

50. Defendants failed their duty to Holly Adair by:

    a. Failing to adequately supervise the facility, the employees, and the inmates;

    b. Failing to provide her safe confinement while in their exclusive control;

    c. Failing to follow their own policies and procedures regarding the treatment of inmates;

    d. Failing to respond to Holly Adair after she yelled out for help after being raped a second time;

    e. Acting with deliberate indifference, willfulness, and recklessness for her personal safety while in their exclusive control; and

    f. Through their acts and omissions, failed to protect her rights to due process under the United States Constitution.

## Specifically:

51. Defendants Dumas, Arkansas, Keith Finch, and Terry James allowed inmates to take the keys to Holly Adair's cell knowing that Ms. Adair would be brutally and forcibly raped three times in a span of a few hours in violation of her Fourteenth Amendment Right to Due Process.

52. Defendant Terry James violated Holly Adair's Fourteenth Amendment Right to Due Process by:

    a. Allowing Inmate Calvert and Inmate Sherrer to take the keys to Ms. Adair's cell in his presence and more than one time;

7

    b. Allowing Ms. Adair to be raped by inmates under his supervision three times in one night.

    c. Failing to keep Ms. Adair safe while she was in the exclusive control of DCJ;

    d. Failing to go check on Ms. Adair when she was yelling for help after being raped a second time;

    e. Failing to help Ms. Adair when Inmate Barnes told Defendant James that she needed help because she had been raped;

    f. Failing to stay awake and alert while on the job, allowing Inmate Sherrer to take and return the keys to Ms. Adair's cell more than once in the early morning of November 7, 2021;

    g. Failing to stay awake and alert while on the job, allowing Inmate Sherrer to rape Ms. Adair for the third time; and

    h. Failing to keep inmates contained in cells and instead letting them wander the jail and go in other inmates' cells, such as Ms. Adair's.

53. Defendants Dumas, Arkansas and Keith Finch either had no or inadequate policies in place to ensure the proper safe keeping of inmates such as Holly Adair; they failed to train their employees on the policies and procedures for monitoring and treating inmates; and/or they failed to ensure their staff was following the policies and procedures for monitoring and treating inmates. This directly led to the inadequate treatment of Ms. Holly Adair in violation of her Fourteenth Amendment Right to Due Process which ultimately resulted in her being brutally and forcibly raped three times while in the exclusive control of the DCJ.

54. The above-named acts and omissions also violated Holly Adair's rights under the Constitution of the State of Arkansas and the Arkansas Civil Rights Act of 1993 codified at Ark. Code Ann. § 16-123-101 *et. seq.*

55. As a result of all the Defendants' conduct, Holly Adair endured unnecessary mental, physical, and emotional pain and suffering for the duration of her confinement at the DCJ and continues to suffer as a result of the acts and omissions by Defendants.

## COUNT II – CRUEL AND UNUSUAL PUNISHMENT VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

56. The above paragraphs are hereby restated and alleged as if fully incorporated herein.

57. All Defendants violated Holly Adair's constitutional rights to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

58. Defendants' actions and omissions violating Holly Adair's constitutional rights were performed under the color of the law and pursuant to state authority giving rise to a cause of action under 42 U.S.C. § 1983.

59. Defendants, acting under the color of state law and pursuant to state authority had a duty to protect Holly Adair's constitutional rights and ensure she was not subjected to cruel and unusual punishment.

60. Defendants had a duty to protect Holly Adair against deliberate indifference to her personal safety.

61. Defendants knew the inmates' intentions to sexually assault Holly Adair and knew that giving them the keys to her cell would cause her substantial harm.

62. Defendants failed their duty to Holly Adair by:
    a. Failing to adequately supervise the facility, the employees, and the inmates;
    b. Failing to provide her safe confinement while in their exclusive control;
    c. Facilitating Ms. Adair's being forcibly raped three times;
    d. Failing to follow their own policies and procedures regarding the treatment of inmates;

9

e. Failing to respond to Holly Adair after she yelled out for help after being raped a second time;

f. Acting with deliberate indifference, willfulness, and recklessness for her personal safety while in their exclusive control; and

g. Through their acts and omissions, failed to protect her right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

### Specifically:

63. Defendants Dumas, Arkansas, Keith Finch, and Terry James facilitated inmates taking the keys to Holly Adair's cell which led to Ms. Adair being brutally and forcibly raped three times in a span of a few hours in violation of her Eighth Amendment Rights.

64. Defendant Terry James violated Holly Adair's Eighth Amendment Rights by:

    a. Allowing Inmate Calvert and Inmate Sherrer to take the keys to Ms. Adair's cell in his presence and more than one time;

    b. Failing to keep Ms. Adair safe while she was in the exclusive control of DCJ;

    c. Facilitating the male inmates forcibly raping Holly Adair three times in one night;

    d. Failing to go check on Ms. Adair when she was yelling for help after being raped a second time;

    e. Failing to help Ms. Adair when Inmate Barnes told Defendant James that she needed help because she had been raped;

    f. Failing to stay awake and alert while on the job, allowing Inmate Sherrer to take and return the keys to Ms. Adair's cell more than once in the early morning of November 7, 2021;

10

    g. Failing to stay awake and alert while on the job, allowing Inmate Sherrer to rape Ms. Adair for the third time; and

    h. Failing to keep inmates contained in cells and instead letting them wander the jail and go in other inmates' cells, such as Ms. Adair's.

65. Defendants Dumas, Arkansas, and Keith Finch either had no or inadequate policies in place to ensure the proper safe keeping of inmates such as Holly Adair; they failed to train their employees on the policies and procedures for monitoring and treating inmates; and/or they failed to ensure their staff was following the policies and procedures for monitoring and treating inmates. This directly led to the inadequate treatment of Ms. Holly Adair in violation of her Eighth Amendment Rights which ultimately resulted in her being brutally and forcibly raped three times while in the exclusive control of the DCJ.

66. Facilitating the raping of a detainee while in the custody of DCJ is a clear and known violation of Ms. Adair's 8th amendment right to be free from cruel and unusual punishment.

67. The above-named acts and omissions also violated Holly Adair's rights under the Constitution of the State of Arkansas and the Arkansas Civil Rights Act of 1993 codified at Ark. Code Ann. § 16-123-101 *et. seq.*

68. As a result of all the Defendants' conduct, Holly Adair endured unnecessary mental, physical, and emotional pain and suffering for the duration of her confinement at the DCJ and continues to suffer as a result of the acts and omissions by Defendants.

## COUNT III – EQUAL PROTECTION VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

69. The above paragraphs are hereby restated and alleged as if fully incorporated herein.

70. All Defendants violated Holly Adair's constitutional right to equal protection under the Fourteenth Amendment to the United States Constitution.

11

71. Defendants' actions and omissions violating Holly Adair's constitutional rights were performed under the color of the law and pursuant to state authority giving rise to a cause of action under 42 U.S.C. § 1983.

72. Defendants, acting under the color of state law and pursuant to state authority had a duty to protect Holly Adair's constitutional rights and right to equal protection.

73. Defendants knew the inmates' intentions to sexually assault Holly Adair and knew that giving them the keys to her cell could cause her substantial harm.

74. Defendants failed their duty to Holly Adair by:

    a. Failing to adequately supervise the facility, the employees, and the inmates;

    b. Failing to provide her safe confinement while in their exclusive control;

    c. Facilitating Ms. Adair's being raped three times in one night;

    d. Failing to follow their own policies and procedures regarding the treatment of inmates;

    e. Failing to respond to Holly Adair after she yelled out for help after being raped a second time;

    f. Acting with deliberate indifference, willfulness, and recklessness for her personal safety while in their exclusive control; and

    g. Upon information and belief, through their acts and omissions failed to provide the personal safety afforded to similarly situated citizens.

## Specifically:

75. Defendants Dumas, Arkansas, Keith Finch, and Terry James allowed inmates to take the keys to Holly Adair's cell which led to Ms. Adair being brutally and forcibly raped three times in a span of a few hours in violation of her Fourteenth Amendment Right to Equal Protection.

76. Defendant Terry James violated Ms. Adair's Fourteenth Amendment Right to Equal Protection by:

    a. Allowing Inmate Calvert and Inmate Sherrer to take the keys to Ms. Adair's cell in his presence and more than one time;

    b. Failing to keep Ms. Adair safe while she was in the exclusive control of DCJ;

    c. Facilitating the raping of Ms. Adair three times;

    d. Failing to go check on Ms. Adair when she was yelling for help after being raped a second time;

    e. Failing to help Ms. Adair when Inmate Barnes told Defendant James that she needed help because she had been raped;

    f. Failing to stay awake and alert while on the job, allowing Inmate Sherrer to take and return the keys to Ms. Adair's cell more than once in the early morning of November 7, 2021;

    g. Failing to stay awake and alert while on the job, allowing Inmate Sherrer to rape Ms. Adair for the third time; and

    h. Failing to keep inmates contained in cells and instead letting them wander the jail and go in other inmates' cells, such as Ms. Adair's.

77. Defendants Dumas, Arkansas and Keith Finch either had no or inadequate policies in place to ensure the proper safe keeping of inmates such as Holly Adair; they failed to train their employees on the policies and procedures for monitoring and treating inmates; and/or they failed to ensure their staff was following the policies and procedures for monitoring and treating inmates. This directly led to the inadequate treatment of Ms. Holly Adair in violation of her Fourteenth Amendment Right to Equal Protection which ultimately resulted in her being brutally and forcibly raped three times while in the exclusive control of the DCJ.

78. The above-named acts and omissions also violated Holly Adair's rights under the Constitution of the State of Arkansas and the Arkansas Civil Rights Act of 1993 codified at Ark. Code Ann. § 16-123-101 *et. seq.*

79. As a result of all the Defendants' conduct, Holly Adair endured unnecessary mental, physical, and emotional pain and suffering for the duration of her confinement at the DCJ and continues to suffer as a result of the acts and omissions by Defendants.

## COUNT IV – NEGLIGENCE

80. The above paragraphs are hereby restated and alleged as if fully incorporated herein.

81. All Defendants had a duty to reasonably ensure the safety of all inmates incarcerated at the DCJ, including Holly Adair.

82. All Defendants breached this duty to Holly Adair by:

    a. Failing to provide a safe environment for incarcerated inmates, including Ms. Adair;

    b. Failing to apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of their profession in good standing engaged in the same type of service in the same or similar locality in which they treat inmates;

    c. Failing to check on Ms. Adair when they knew that she had just been raped the second time and was yelling for help;

    d. Failing to check on Ms. Adair when they were told by Inmate Barnes that she needed help and had just been raped;

    e. Failing to provide or ensure adequate training or supervision of staff and/or employees and the DCJ; and.

    f. Negligently supervising or retaining staff and/or employees at the DCJ.

83. As a direct and proximate result of Defendants' acts and omissions, Holly Adair endured repeated sexual assault which caused her bodily harm and unnecessary pain and suffering.

84. Defendants are guilty of negligence which was the cause of Holly Adair's bodily injury, pain, and suffering.

## VI. DAMAGES

85. The above paragraphs are hereby restated and alleged as if fully incorporated herein.

86. That as a result of the Defendants' conduct, acts, and omissions, Holly Adair was damaged as follows:

    a. She suffered severe bodily harm; and

    b. She endured and continues to endure unnecessary pain, suffering, and mental anguish.

87. Defendants are liable in damages to Holly Adair for her past and present injuries, pain, suffering, and mental anguish which occurred as a result of Defendants' conducts, acts, and omissions.

## VII. PUNITIVE DAMAGES

88. Defendant Terry James knew or should have known that his conduct would naturally and probably result in damage to Holly Adair and he continued with his conduct in malice or with such reckless disregard of the consequences so that malice can be inferred. Defendant Terry James also intentionally pursued a course of conduct with the purpose of causing harm to Holly Adair when he allowed Inmates Sherrer and Calvert to take the keys that unlocked Holly's cell knowing their intention to sexually assault her, did not check on Ms. Adair when she was yelling for help after being raped, and did not check on Ms. Adair when Inmate Barnes told him that Ms. Adair needed help after being raped.

89. Plaintiff is entitled to punitive damages from the above-named Defendants in an amount which is reasonably calculated to ensure their reckless and malicious behavior does not continue.

## VIII. JURY TRIAL

90. The Plaintiff demands a jury trial.

WHEREFORE, Plaintiff requests this Court grant her a jury trial and award her judgment against the Defendants in a sum which will reasonably compensate her for pain, suffering, and mental anguish, for punitive damages, for attorneys' fees and costs, and for all other just and proper relief to which she may be entitled.

Respectfully Submitted,

THE LAW OFFICES OF
MILLER & MALLETT
1601 Broadway St.
Little Rock, AR 72206
Phone: (501) 374-6300
Fax: (501) 907-0661

By: _____
Edward Zellmer, Ark. Bar # 2014070

## AFFIDAVIT OF UNKNOWN TORTFEASORS



PLAINTIFF'S EXHIBIT 1

The undersigned, having been duly sworn, states and affirms under oath as follows:

1. I am one of the attorneys representing the Plaintiff is a lawsuit styled *Holly Adair v. The City of Dumas, Arkansas, et al.*

2. I have through my efforts and those of my associates reviewed information and interviewed individuals for purposed of identifying those who may potentially be liable for the Plaintiff's damages. In spite of such review, I have been unable to identify all potentially culpable or liable parties, other than those listed as defendants.

3. The decision to specifically name only the above-listed Defendants does not reflect a strategic decision to omit other potentially liable individuals or entities but is based solely on lack of information at this time that any other person or entity may be responsible or liable to respond in damages (e.g., as a liability carrier for an allegedly tort-immune defendant).

4. This Affidavit is filed in the interest of tolling the statute of limitations as to any unknown defendant or the professional liability carrier thereof, in the event that such unknown defendant may claim charitable immunity from suit in tort. In the event that another potential defendant is identified, the Complaint will be amended to specifically identify such defendant.

FURTHER AFFIANT SAITH NOT.

_____
Edward Zellmer, Attorney at Law
The Law Offices of Miller & Mallett

1

## ACKNOWLEDGEMENT

SUBSCRIBED AND SWORN TO this \_\_\_4\_\_\_ day of June, 2024.

_____
Notary Public

My Commission Expires:

9/17/2031

2